THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **JACOB M.,**<br><br>                Plaintiff,<br><br>v.<br><br>**KILOLO KIJAKAZI,**<br>**Acting Commissioner of Social Security,**<br><br>                **Defendant.** | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:22-cv-00419-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Plaintiff Jacob M.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[2] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case. Based upon the analysis set forth below, Plaintiff's sole argument on appeal fails. Therefore, the court affirms the Commissioner's decision.

---

[1] ECF No. 13.

[2] 42 U.S.C. §§ 401-434.

[3] 42 U.S.C. §§ 1381–1383f.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB and SSI in November 2019.[4] Plaintiff's applications were denied initially[5] and upon reconsideration.[6] On August 24, 2021, Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ").[7] The ALJ issued a written decision on September 24, 2021, denying Plaintiff's claims for DIB and SSI.[8] Plaintiff appealed the adverse ruling, and, on April 25, 2022, the Appeals Council denied his appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] On June 24, 2022, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a

---

[4] ECF Nos. 16–17, Administrative Record ("AR ____") 239–253.
[5] AR 108–09.
[6] AR 110–11.
[7] AR 42–71.
[8] AR 14–41.
[9] AR 1–6.
[10] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.
[11] ECF No. 6.
[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).
[13] 42 U.S.C. § 405(g).

preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If he is, disability benefits are denied. If he is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any

---

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750.

[19] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21] Before considering step four, however, the ALJ must determine the claimant's RFC.[22] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[23] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[24]

For the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[25] "If the claimant is able to perform his previous work, he is not disabled."[26] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[27]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[28] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age,

---

[20] 20 C.F.R. § 404.1525(a); *see also id.* § 404.1520(a)(4)(iii).
[21] *Williams*, 844 F.2d at 751.
[22] 20 C.F.R. § 404.1520(e).
[23] *Id.* § 404.1545(a)(1), (b)-(c).
[24] *Id.* § 404.1545(a)(2).
[25] *Id.* § 404.1520(a)(4)(iv).
[26] *Williams*, 844 F.2d at 751.
[27] *Id.*
[28] *Id.*

education, and work experience."[29] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[30] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[31]

**ANALYSIS**

Plaintiff raises a single issue on appeal—whether the ALJ properly evaluated the supportability and consistency of nurse practitioner Marcia Lidtke, APRN's ("Ms. Lidtke") medical opinion. Below, the court sets forth the standards for evaluating medical opinions and prior administrative medical findings under the relevant regulations, then addresses Plaintiff's argument.

Under 20 C.F.R. § 416.920c, the ALJ does "not defer or give specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources."[32] Instead, the ALJ evaluates medical opinion evidence using five factors: supportability, consistency, relationship with the claimant, specialization, and other factors such as "evidence showing a medical source has familiarity with the evidence in the claim or an understanding of [the agency's] disability program's policies and evidentiary requirements."[33] The most important factors are supportability and consistency.[34] "Supportability" asks how closely connected the relevant

---

[29] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).
[30] 20 C.F.R. § 404.1520(a)(4)(v).
[31] *Id.*
[32] 20 C.F.R. § 416.920c(a).
[33] 20 C.F.R. § 416.920c(c)5.
[34] 20 C.F.R. § 416.920c(a).

objective medical evidence is to the supporting explanations offered by a medical source and "consistency" compares a medical opinion or prior administrative findings to the evidence.[35] An ALJ is required to articulate the persuasiveness of all medical opinions and prior administrative medical findings in a claimant's case record.[36] In support of the persuasiveness determination, an ALJ must explain how he or she "considered the supportability and consistency factors."[37] Additionally, an ALJ must consider other factors, but is not required to explicitly discuss them unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record.[38]

    I.    **The ALJ Appropriately Weighed Ms. Lidtke's Opinion and the Court Refuses to Reweigh the Evidence.**

Plaintiff contends that the ALJ erred in his evaluation of Ms. Lidtke's medical opinion. Specifically, Plaintiff asserts that the ALJ failed to conduct a proper analysis of the factors of supportability and consistency. As shown below, Plaintiff's argument fails.

In his decision, the ALJ articulated his consideration of the "supportability" factor by finding that Ms. Lidtke's opinions were "not supported by [her] own treatment records."[39] In a mental capacity assessment completed by Ms. Lidtke on June 21, 2021, Ms. Lidtke indicated that Plaintiff "had mild to moderate limitations in understanding [,] remembering [,] or applying

---

[35] 20 C.F.R. § 416.920c(c)(1)-(2).

[36] 20 C.F.R. § 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record.").

[37] 20 C.F.R. § 416.920c(b)(2).

[38] 20 C.F.R. § 416.920c(b)(2), (3).

[39] AR 32.

information"[40] and also found "marked and extreme limitations in five of the six abilities under concentration, persistence, or maintaining pace."[41] Ms. Lidtke also found "four of the seven areas under adapting and managing oneself to be marked or extremely limited"[42] and "[i]n the area of interacting with others, [Ms. Lidtke] indicated all abilities were marked or extremely limited."[43] However, just two weeks prior, on June 7, 2021, Ms. Lidtke found that Plaintiff was "less depressed" had "improved energy" and was "managing his anxiety fairly well."[44] The ALJ observed that "[t]his was a completely normal mental status examination, far from the many marked and extreme limitations [the ALJ] found only two weeks later."[45]

Plaintiff essentially asks the court to reweigh Ms. Lidtke's June 21, 2021 opinion evidence because the ALJ allegedly "overly relied on the benign findings" from June 7, 2021[46] in evaluating supportability. However, rearguing the weight of the evidence is an unavailing tactic on appeal because it is not this court's role to reweigh the evidence before the ALJ.[47] Although Plaintiff disagrees with the ALJ's conclusion, he cannot reasonably dispute that the ALJ considered the "supportability" factor, thus completing precisely what the regulations require.

---

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] ECF No. 21 at 12–13.

[47] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citations omitted).

The ALJ also articulated his consideration of the "consistency" factor. The ALJ stated that he "d[id] not find [Ms.] Lidtke's opinions to be consistent with the record as a whole."[48] The ALJ explained that, although Plaintiff did have two inpatient psychiatric hospitalizations during the relevant period, these were relatively short and triggered by significant situational stressors.[49] The ALJ noted that the hospital intake examinations did not suggest the cognitive, memory, attention, or concentration deficits Ms. Lidtke found.[50] The ALJ further stated that Ms. Lidtke's opinions were "wholly inconsistent with the mostly normal mental status examination of the consultative psychologist."[51] Thus, the ALJ adequately explained why Ms. Lidtke's opinion lacked "consistency" with other evidence.

Plaintiff also argues that the ALJ erred in his evaluation of Ms. Lidtke's opinion by citing only to Ms. Lidtke's treatment records from June 2021. However, the ALJ is not required to discuss every piece of evidence or reference everything in the administrative record.[52] The ALJ may provide representative findings that support his conclusion.[53] Additionally, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an [ALJ's] findings from being supported by substantial evidence."[54]

---

[48] AR 32.

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *See, e.g.*, *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009); *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010).

[53] *See, e.g.*, *Putnam v. Comm'r SSA*, 789 F. App'x 694, 698 (10th Cir. 2019) ("Although the ALJ specifically cited to these three exhibits, the record contains other evidence supporting his conclusions.").

[54] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Although the ALJ did not explicitly articulate "how persuasive [he] find[s] [Ms. Lidtke's] medical opinion[]"[55] his conclusion that her opinion lacked supportability and consistency with other evidence implicitly demonstrated that he found it unpersuasive.[56] Plaintiff concedes this point.[57] The United States Court of Appeals for the Tenth Circuit has instructed that where a court can follow the ALJ's reasoning in conducting its review of a Social Security disability determination and can determine that correct legal standards have been applied, merely technical omissions do not dictate reversal.[58] No "particular formula" or "magic words" are required; and a "reviewing court must 'uphold' even 'a decision of less than ideal clarity if the agency's path may reasonably be discerned.'"[59] Furthermore, an ALJ need only provide "good reasons" for the weight afforded to a medical opinion.[60]

Applying these principals to the ALJ's written decision, the court finds that, despite the lack of "magic words" as to persuasiveness, the ALJ applied correct legal principals and his

---

[55] 20 C.F.R. § 416.920c(a), (b)(1).

[56] *See* 20 C.F.R. § 416.920c(c)(1)-(2) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."; "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative finding(s) will be.").

[57] ECF No. 21 at 11.

[58] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012); *see also Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (recognizing that "it may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right circumstances, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.").

[59] *Garland v. Ming Dai*, 141 S. Ct. 1669, 1679 (2021) (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 286 (1974)).

[60] *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

analysis of Ms. Lidtke's opinion was sufficiently clear.[61] The record demonstrates that the ALJ's decision to find Ms. Lidtke's opinions of more serious limitations unpersuasive is supported by substantial evidence. The ALJ found that Ms. Lidtke's opinions were unpersuasive because they were unsupported by her own treatment notes. Numerous reports show that Plaintiff exhibited several normal psychiatric findings[62] and that Plaintiff improved with continued treatment and medication.[63] Therefore, the court finds the ALJ's decision supported by substantial evidence.

## CONCLUSION AND ORDER

As demonstrated above, Plaintiff's sole argument on appeal fails. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 20th day of December 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[61] In this court's recent decision in *Luke B. v. Kijakazi*, No. 2:21-cv-00278, 2022 WL 656725, at *3 (D. Utah Mar. 4, 2022), the court determined that the ALJ met the requirements of 20 C.F.R. § 416.920c by expressly stating that he found the medical opinion at issue "unpersuasive." However, in doing so, the court did not fashion a rule that an ALJ must use the words "persuasive" or "unpersuasive" in his opinion–although this addition can certainly make the opinion easier to follow. In the instant case, it is sufficiently clear to the court that the ALJ did not find Ms. Lidtke's opinion persuasive because he considered its supportability and consistency and found both factors lacking. Thus, the ALJ applied the correct legal standard here.

[62] *See, e.g.*, AR 2315-16, 2335, 2840-41, 2853, 2923, 2930, 2938, 2944, 2978, 3009, 3045, 3051, 3056, 3058, 3066, 3099, 3161, 3180, 3232, 4047.

[63] *See, e.g.*, AR 2347, 2349, 4030–35.